UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-22243-SEITZ/O'SULLIVAN

RUBEN RODRIGUEZ MELGAR,
et al.,

      Plaintiffs,

v.

M.I. QUALITY LAWN MAINTENANCE, INC.,
MITCHELL'S LAWN MAINTENANCE CORP.,
and MITCHELL IGELKO,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL MEDIATION AND GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion To Compel Mediation [DE-79] and Motion To Dismiss [DE-84], to which Plaintiffs have not filed a response.  In order to ensure that a meaningful mediation session occurs that may streamline the litigation of this action, the Court will require a second mediation session.  Additionally, having found that some of the Plaintiffs have violated the Court's discovery order in bad faith and no lesser sanction is appropriate, the Court will grant Defendants' Motion To Dismiss as to certain Plaintiffs.

1.    **Factual Background**

This is a Fair Labor Standards Act ("FLSA") case in which the Court authorized similarly-situated Plaintiffs to opt in as class members on February 17, 2010 [DE-49].  The Court later required that all such Plaintiffs file an opt-in notice no later than April 2, 2010 [DE-54], and

the record indicates that seven Plaintiffs timely filed opt-in notices [DE-67. DE-69, DE-70].[1]  As

participants in an action conditionally certified as a class under 29 U.S.C. § 216(b), each Plaintiff

has had the responsibility to litigate his claim from the time he joined the action.

      The Parties held a mediation before the Clerk of Court's chosen mediator [DE-65],

Murray Greenberg ("Greenberg"), on August 19, 2010.  Only approximately twenty of the thirty

Plaintiffs appeared for the mediation, which was scheduled for two hours.  Many of the Plaintiffs

admitted they were not authorized to work in this country and were unable to produce any

identification verifying their identity.  While Greenberg was able to outline an orderly process for

conducting an effective mediation in light of the difficulties presented by the circumstances

described above, the two-hour schedule did not allow for any meaningful discussion or provide

Greenberg with a reasonable opportunity to attempt to resolve the claims of the twenty Plaintiffs

who attended, let alone the other Plaintiffs who did not attend.

      On the day of the mediation, Defendants served Plaintiffs' counsel with deposition

notices for seven of the Plaintiffs: Renato Rodriguez ("Rodriguez"), Anibal Rivera ("Rivera"),

Hector Roman ("Roman"), J.C. Mills ("Mills"), Premital B. Williams ("Williams"), Gustavo

Besteiro ("Besteiro"), and William Cruz Rodriguez ("Cruz Rodriguez") setting their depositions

for eight days later, on August 27, 2010, at Defendants' counsel's office.  (DE-84-1).  Over the

next six days, Plaintiffs' counsel gave no indication that it would not be possible for these

---

[1] Plaintiffs were required to disclose information concerning their claims within weeks of their participation in the action. Per its standard practice in FLSA cases, the Court required on August 11, 2010 [DE-5], close to the outset of the litigation, that Plaintiffs file within 20 days a Statement of Claim listing a specific calculation of unpaid wages. Additionally. as the Parties' Joint Scheduling Report was due on October 27, 2009 [DE-4], their initial disclosures must have been made no later than November 10, 2009. *See* Fed. R. Civ. P. 26(a)(1)(C).  Plaintiffs added after that time were required to make initial disclosures thirty days after joining the action. Fed. R. Civ. P. 26(a)(1)(D).

depositions to take place, despite the fact that he was in continuous contact with Defendants during this time and attended depositions in this action for most of the day of August 23, 2010.

However, on August 26, 2010, Plaintiffs' counsel contacted the chambers of the Court's paired Magistrate Judge, Judge John O'Sullivan, which led to an emergency telephonic discovery conference held that day. Following the conference, Judge O'Sullivan ordered [DE-81] that the depositions noticed for August 27, 2010 would proceed at the office of Plaintiff's counsel. Moreover, Judge O'Sullivan ordered Plaintiffs to serve Defendants with all outstanding statements of their claims by 4:00 p.m. that day, August 26.

However, only one of the seven Plaintiffs noticed for deposition, Cruz Rodriguez, appeared at Plaintiffs' counsel's office the next day for a deposition. (DE-84-2). Also, a spreadsheet Plaintiffs' counsel produced reflecting Plaintiffs' statements of claims did not identify claims for three of the noticed deponents (Rivera, Williams and Besteiro) and three other Plaintiffs, Sebastian Gonzalez ("Gonzalez"), Delfino Lopez ("Lopez"), Fabian Diaz ("Diaz") who have never filed opt-in notices with the Court. Defendants also note that Plaintiff George M. Coulson ("Coulson") did not file an opt-in notice with the Court until April 13, 2010 (DE-72), though the Court set an April 2, 2010 deadline (DE-35) for filing all opt-in notices.

Based on the failures to comply with the Court's order described above, Defendants now move that the Court sanction Rodriguez, Rivera, Roman, Mills, Williams, Besteiro, Gonzalez, Lopez and Diaz by dismissing their claims with prejudice. Defendants also request that Coulson be dismissed as he failed to timely opt-in to the lawsuit. Additionally, both Greenberg and Defendants wish to continue the mediation to allow for a meaningful mediation discussion to take place with each remaining Plaintiff. Defendants claim that Plaintiffs' counsel has objected

to any continuation of the mediation, though Plaintiffs' counsel have not filed a response brief to oppose Defendants' motion for a continuation.

### 2.   Analysis

#### a.   Motion For Sanctions

The nine Plaintiffs identified in the preceding paragraph have committed sanctionable conduct. With respect to the six Plaintiffs who that did not show up to a properly noticed deposition after being ordered by the Court to do so, Rule 37(d)(1)(i) allows a court to order sanctions if a party fails, after being served with proper notice, to appear for his or her deposition. More generally, under Rule 37(b)(2)(A), a party failing to obey a discovery order can be subject to a number of sanctions, including dismissal from the action.[2]

Rule 37 sanctions are designed to (1) compensate the court and other parties for the added expense caused by discovery abuses; (2) compel discovery; (3) deter others from engaging in similar conduct; and (4) penalize the offending party. *Wouters v. Martin Cty., Florida*, 9 F.3d 924, 933 (11th Cir. 1993). While dismissal is justified in extreme circumstances, a district court can sanction a party with dismissal after finding that the party's failure to comply with the relevant order was willful, or in bad faith, and lesser sanctions would not suffice. *Doye v. Colvin*, 2010 WL 1837742, at *2 (11th Cir. May 7, 2010).

Given the number of opportunities Plaintiffs had to comply with court orders and discovery rules, and their failure to provide any justification, much less a response, as to why they violated Judge O'Sullivan's Order, the Court must find that Plaintiffs violation of that Order

---

[2] Other options include treating the failure to obey as contempt of court, rendering a default judgment against the disobedient party, striking pleadings, staying proceedings until the order is obeyed, or ordering payment of fees and costs. *See* Rule 37(b)(2).

was willful and in bad faith. It is undisputed that Defendants served their deposition notices properly, Plaintiffs' counsel did not object over the next several days to the scheduled depositions and that all of the noticed Plaintiffs except for Cruz Rodriguez inexplicably failed to appear, in open defiance of Judge O'Sullivan's Order. Additionally, with respect to the Plaintiffs not listed in the amended statement of claims, the Court ordered Plaintiffs on August 11, 2009, at the outset of the litigation, to file a statement of claim providing a specific calculation of unpaid wages, and they should have been supplementing their initial statement of claim as additional Plaintiffs opted in to the litigation. *See* Fed. R. Civ. P. 26(e)(1) (requiring parties to supplement discovery in a timely manner upon learning previous discovery materials are incomplete). Plaintiffs also provide no explanation why six Plaintiffs were omitted from the amended statement that Judge O'Sullivan ordered them to produce. Their conduct reflects numerous breaches of the Federal Rules, violations of the Court's orders, and lack of diligent prosecution of their claims, and their failure to respond to Defendants' motion is a tacit admission that they have no legitimate excuse for this misconduct.

Moreover, at this stage in the action, the Court does not know what alternatives other than dismissal will effectively deter similar conduct during the remainder of the litigation or adequately penalize Plaintiffs for flouting the Court's orders. Given the relatively low cost of taking the depositions or other discovery in this case with respect to this group of Plaintiffs, monetary sanctions against Plaintiff in the amount of Defendants' costs would not be sufficient to deter Plaintiffs from continuing to disobey the court's orders. As a result, Plaintiffs Rodriguez, Rivera, Roman, Mills, Williams and Basteiro will be dismissed with prejudice.

Finally, the Court will also dismiss Plaintiffs Coulson, Gonzales, Lopez and Diaz without

prejudice.  The Court set an April 2, 2010 deadline for filing opt-in notices in its Pretrial Order. These Plaintiffs' failure to comply with that deadline does not disregard a discovery order, but a scheduling order aimed at establishing the identity of the participants in this litigation in a timely fashion.  While the Court can modify its Pretrial Order upon a showing of good cause, these Plaintiffs have not made such a showing and, thus, cannot participate in this litigation.

### b.    Motion To Continue Mediation

As Defendants' undisputed Motion indicates the Parties have not conducted a meaningful mediation session, the Court will require the Parties to reconvene with Mediator Greenberg well before the Parties are to file their dispositive motions on December 17, 2010.  Having carefully considered Defendants' Motions, it is hereby

ORDERED THAT

(1) The Motion To Compel Mediation [DE-79] is GRANTED.  The Parties shall conduct a second mediation before Mediator Greenberg between **November 8, 2010** and **December 10, 2010.** The remaining Plaintiffs shall attend the mediation for as long as Mediator Greenberg deems necessary to speak with the Parties about the claims and suggest a possible amicable resolution of those claims.  The mediation shall not be concluded until Mediator Greenberg agrees to finish.  No later than **November 5, 2010,** the Parties shall file with the Court a statement reflecting the date the Parties have selected for this second session and identifying a neutral translator who will be present.

(2) The Motion To Dismiss [DE-84] is GRANTED as follows:

(a)  Plaintiffs George Coulson, Sebastian Gonzalez, Delfino Lopez, and Fabian Diaz are dismissed without prejudice.

(b) Plaintiffs Renato Rodriguez, Anibel Rivera, Hector Roman, J.C. Mills, Premital

Williams, and Gustavo Besteiro are dismissed with prejudice.

DONE AND ORDERED in Miami, Florida, this 29 day of October, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
Murray Greenberg, Esq.