UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22243-CIV-SEITZ/O'SULLIVAN

RUBEN RODRIGUEZ MELGAR, *et al.*,

          Plaintiffs,

vs.

M.I. QUALITY LAWN
MAINTENANCE, INC., *et al.*,

          Defendants.

_____/

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Defendants' Motion for Partial Summary Judgment

[DE-104], in which Defendants seek summary judgment on Plaintiffs' minimum wage claims

brought under Florida law. Plaintiffs' Amended Complaint alleges failure to pay overtime and

minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-209, and the

Florida Constitution. Defendants seek summary judgment on the Florida law claims of fifteen

Plaintiffs, Ruben Rodriguez Melgar, Andres Guzman, Reinaldo Leyva, Danilo Palacios, Javier

Gonzalez, Mateo Pop, Gilberto Rodriguez Vasquez, Victor Antonio Gutierrez, Jose Torres,

Frank Diaz Guerrero, Carlos Diaz Guerrero, Marcelino Mateo Marcos, Alexander Briceno, Edgar

Megar, and Mario Oliva (Plaintiffs)[1] for failure to comply with Florida Statute, section

448.110(6). Because Plaintiffs have failed to comply with the notice requirements of section

448.110(6), Defendants' Motion for Partial Summary Judgment is granted.

_____

[1] Defendants motion also seeks summary judgment as to Domingo Rodriguez, Noradin
Melo, and Vincente Rodriguez. However, these three Plaintiffs were dismissed pursuant to the
Court's February 2, 2011 Order Granting Defendants' Motion to Dismiss Plaintiffs for Failure to
Attend Mediation. *See* DE-122.

## I. Undisputed Material Facts

The Amended Complaint alleges that Plaintiffs were not paid overtime, in violation of the FLSA, and did not receive minimum wage in violation of the FLSA and the Florida Constitution. By letters dated July 28, 2009, Plaintiff Ruben Rodriguez Melgar gave Defendants M.I. Quality Lawn Service, Inc. (Quality Lawn) and Mitchell Igelko (Igelko) notice of his FLSA and Florida minimum wage claim. (DE-119-1.) The letter to Igelko was received on July 31, 2009 and the letter to Quality Lawn was received on July 30, 2009. (DE-119-1.) On July 29, 2009, before Defendants received the letters, Plaintiff Ruben Rodriguez Melgar filed his complaint against Defendants. (DE-1.)

On September 1, 2009, Plaintiffs Andres Guzman, Reinaldo Leyva, Danilo Palacio, and Javier Gonzalez gave notice by faxed letter to Defendants' attorney, Jerome Ullman, of their FLSA and Florida minimum wage claims. (DE-119-2.) On September 14, 2009, Reinaldo Leyva, Andres Guzman, Danilo Palacio, and Javier Gonzalez filed affidavits choosing to opt-in to this action. (DE-22-1.)

By letter dated September 7, 2009, Plaintiffs Mateo Pop, Jose Torres, Frank Diaz Guerrero, Victor Antonio Gutierrez, Gilberto Rodriguez Vasquez, Carlos Diaz Guerrero, and Marcelino Mateo Marcos gave notice to defense counsel of their FLSA and Florida minimum wage claims. (DE-119-3). The September 7, 2009 letter was received by fax on September 7, 2009 and by U.S. Mail on September 9, 2009. (DE-119-3.) On September 14, 2009, Marcelino Mateo Marcos, Carlos Diaz Guerrero, Frank Diaz Guerrero, Jose Torres, Victor Antonio Gutierrez, Mateo Pop, and Gilberto Rodriguez Vasquez filed their affidavits indicating that they

had chosen to opt-in to this actions. (DE-22-1.) No notice was sent to Defendants or their counsel on behalf of Plaintiffs Alexander Briceno, Edgar Melgar, and Mario Oliva.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

## III. Analysis

Florida Statute, section 448.110(6) states, in relevant part:

(a) Any person aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section or a party violating subsection (5). However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

(b) The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved. The statute of limitations for bringing an action pursuant to this section shall be tolled during this 15-day period. If the employer fails to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, then the person aggrieved may bring a claim for unpaid minimum wages, the terms of which must be consistent with the contents of the notice.

Defendants argue that they are entitled to summary judgment because none of the Plaintiffs have complied with the requirements of subsection (b). All of the claims were filed less than fifteen (15) days after Defendants received the notices. The language of the statute is clear that the employer has fifteen days to resolve the claim and only after the fifteen days have passed and the employer has failed to resolve the claim shall the aggrieved person file suit. Thus, Plaintiffs have not complied with the notice requirement of Florida Statute, section 448.110(6).[2]

Plaintiffs essentially argue that Defendants should have raised this issue earlier. However, nothing in the statute requires that it be raised prior to summary judgment. Plaintiffs also seek leave to cure any notice deficiencies. However, it is clear that counsel was aware of the

---

[2]Plaintiffs argue in their response that the Plaintiffs who did not give notice may proceed based on Plaintiff Ruben Rodriguez Melgar's notice. However, because Ruben Rodriguez Melgar's notice fails, the Court need not reach this issue.

notice requirement and simply chose to ignore the fifteen day waiting period before filing suit. Thus, Plaintiffs did not give the Defendants the opportunity to resolve the Plaintiffs' claims without incurring the additional costs of suit, which defeated the purpose of the statute. Allowing Plaintiffs to cure at this late date would not serve the purpose of the statute. Accordingly, it is hereby

ORDERED that:

1.  Defendants' Motion for Partial Summary Judgment [DE-104] is GRANTED.

2.  The Florida minimum wage claims brought by Plaintiffs, Ruben Rodriguez Melgar, Andres Guzman, Reinaldo Leyva, Danilo Palacios, Javier Gonzalez, Mateo Pop, Gilberto Rodriguez Vasquez, Victor Antonio Gutierrez, Jose Torres, Frank Diaz Guerrero, Carlos Diaz Guerrero, Marcelino Mateo Marcos, Alexander Briceno, Edgar Megar, and Mario Oliva are dismissed.

DONE and ORDERED in Miami, Florida, this _8_ day of February, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record