UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22243-CIV-SEITZ/O'SULLIVAN

RUBEN RODRIGUEZ MELGAR, *et al.*,

        Plaintiffs,

vs.

M.I. QUALITY LAWN
MAINTENANCE, INC., *et al.*,

        Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Summary Judgment [DE-105], in which Plaintiffs seek summary judgment declaring that Defendant Mitchell Igelko was Plaintiffs employer and the corporate Defendants were joint employers.[1] This action arises from Plaintiffs' claims that Defendants failed to pay overtime and minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-209 (FLSA), and the Florida Constitution. Plaintiffs now move for partial summary judgment. Because Igelko had day-to-day control over the operations of the corporate Defendants, summary judgment is granted on the issue of whether Igelko is an "employer" under the FLSA. However, because genuine issues of material fact exist as to whether the corporate Defendants were joint employers under the FLSA, summary judgment is denied as to that issue.

---

[1] Plaintiffs also move for summary judgment on whether Defendants are covered by the FLSA. However, the parties have stipulated to this. Therefore, summary judgment is not necessary on this issue.

## I. Undisputed Material Facts

The Amended Complaint alleges that Plaintiffs were not paid overtime, in violation of the FLSA, and were not paid minimum wage in violation of the FLSA and the Florida Constitution. Plaintiffs have sued two corporate entities and the individual owner of both the corporations. The record establishes the following facts regarding the ownership and control of the corporate Defendants.

Defendant Mitchell Igelko (Igelko) is the owner and president of Defendant M.I. Quality Lawn Maintenance (Quality Lawn) and has been for at least the last five years. (DE-106-1,[2] p. 5, 6.) Quality Lawn is a landscaping and lawn maintenance company. (*Id.* at 5.) For at least the last five years, Igelko has also been the owner and president of Mitchell's Lawn Maintenance Corp. (Mitchell's Lawn). (*Id.* at 6-7.) Quality Lawn obtains the contracts that Mitchell's Lawn services. (*Id.* at 6.) According to Igelko, he does "everything that it takes to basically run the company." (*Id.* at 7.) Igelko runs the day-to-day operations of the two companies through his supervisors and comptroller, with whom he meets everyday. (*Id.* at 8.) Igelko holds regular office hours every day. (*Id.* at 10.) After being in the office for four to five hours, Igelko goes out to the field to check on the job sites and to try to solicit clients. (*Id.* at 10-11.)

According to Jose Ernesto Mendoza, a supervisor for Quality Lawn, Igelko gave the supervisors a list of the properties to be worked on each day and decided which trucks and how many employees would go to each job site. (DE-106-4,[3] pp. 7-9.) Esteban del Sol, a supervisor for Mitchell Lawn, also testified that Igelko determines which sites del Sol goes to each day and

---

[2]DE-106-1 is excerpts from the deposition of Mitchell Igelko.

[3]DE-106-4 is excerpts from the deposition of Jose Ernesto Mendoza.

2

how many employees to take to each site. (DE-115-1,[4] pp. 14, 18.) Del Sol was hired and, later, promoted by Igelko. (*Id.* at 3.) As a supervisor, del Sol also reports directly to Igelko. (*Id.* at 4.)

Both Quality Lawn and Mitchell's Lawn are operated from the same office. (DE-106-1, p. 14.) Igelko has used Quality Lawn not only to obtain contracts for Mitchell's Lawn, but to supervise the work being done by Mitchell's Lawn. (*Id.* at 15.) Igelko signs all of the paychecks for both Quality Lawn and Mitchell's Lawn. (*Id.* at 18.) Igelko believes that Quality Lawn and Mitchell's Lawn have filed joint tax returns for the last four years. (DE-106-2,[5] p. 4.) Anita Aviles, the corporate representative for Mitchell's Lawn, testified that the two corporations transfer money between their accounts. (DE-106-3,[6] p. 7.) Mendoza, a supervisor for Quality Lawn, testified that the two companies are "the same company." (DE-106-4, p. 6.)

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the

---

[4]DE-115-1 is the deposition transcript of Esteban del Sol.

[5]DE-106-2 is excerpts from the continued deposition of Mitchell Igelko.

[6]DE-106-3 is excerpts from the deposition of Anita Aviles.

non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Analysis

#### A. Igelko is An Employer Under the FLSA

Plaintiffs seek summary judgment finding that Defendant Igelko is an "employer" under the FLSA. Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Accordingly, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (citations omitted). In other words, "[t]o be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638 (citations omitted). Operational control includes things like determining employee compensation, supervising

4

employees, and having the power to hire or fire employees. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160-61 (11th Cir. 2008). Merely being an officer, director, or principal shareholder is not enough to establish liability as an employer under the FLSA. *Id.* at 1160.

Based on the undisputed evidence, Igelko is an employer under the FLSA. Not only is Igelko the owner and president of both corporate Defendants, but he takes an active role in the day-to-day operations of the corporate Defendants. Igelko goes to the office everyday, goes out into the field everyday, and solicits business on behalf of the companies everyday. Furthermore, he sets the jobs sites for each day, assigns the trucks to the job sites, and decides how many men should go to each job site. Igelko meets with his supervisors and comptroller on a daily basis. He also signs all of the paychecks and makes some personnel decisions, evidenced by his hiring of and promotion of del Sol. While there is no evidence that Igelko directly supervised any of the Plaintiffs in this action, such a finding is not necessary to find that Igelko is an "employer" under the statute. As long as Igelko was involved in day-to-day operations of the business, Igelko is an employer. All of the facts together clearly demonstrate that Igelko was involved in the day-to-day operations of the corporate Defendants. Because there is no genuine issue of material fact as to Igelko's involvement in the day-to-day operations of the corporate Defendants, summary judgment is granted.

  B. *Genuine Issues of Material Fact Exist as to Whether the Corporate Defendants are Joint Employers Under the FLSA*

Plaintiff also moves for summary judgment finding that the corporate Defendants are joint employers under the FLSA. The Eleventh Circuit has set out a list of factors to be

5

considered in determining joint employment, including: (1) the nature and degree of control over the employees by each alleged employer; (2) the degree of supervision over the employees by each employer; (3) each employer's right to hire, fire, or modify the terms of employment; (4) each employer's right to determine the employees' pay rates or methods of payment; (5) who prepares payroll; (6) who owns the facilities where the work occurred; and (7) who owns the equipment. *Antenor v. D & S Farms*, 88 F. 3d 925, 932 (11th Cir. 1996). The record is devoid of any evidence establishing joint employment.

As the moving party, Plaintiffs bear the burden of establishing that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law. Plaintiffs have completely failed to meet this burden. All Plaintiffs have established is that Igelko owns and is president of both corporate Defendants, Igleko signs the paychecks for both, and Quality Lawn's business is to obtain contracts for and supervise Mitchell's Lawn. Plaintiffs have not shown from which company they received their paychecks. They have presented no evidence as to which company hired them, which company gave them their directions, or the degree of supervision either company had over them. Plaintiffs have not shown which company supervises them, which company owns the facility, or which company owns the equipment. Without significantly more evidence, there is no way to determine whether the corporate Defendants were joint employers under the FLSA. Consequently, summary judgment is denied.

Accordingly, it is hereby

ORDERED that Plaintiffs' Motion for Summary Judgment [DE-105] is GRANTED in part and DENIED in part.

1. Defendant Mitchell Igelko is an "employer" under the FLSA.

2. Genuine issues of material fact exist as to whether the corporate Defendants were joint employers under the FLSA.

DONE and ORDERED in Miami, Florida, this 10<sup>p</sup> day of February, 2011.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record